John D. Gaither, Tex. Bar No. 24055516
Samantha Espino, Tex. Bar No. 24131801
Wick Phillips Gould & Martin, LLP
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Phone: (214) 692-6200
john.gaither@wickphillips.com
samantha.espino@wickphillips.com

Counsel for Hartman vREIT XXI, Inc. and Al Hartman

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| SILVER STAR VIRGINIA PARKWAY LLC, et al.,[1] | § | Chapter 11 |
| | § | |
| | § | Case No. 26-42315-mxm11 |
| Debtors. | § | (Jointly Administered) |
| | § | |

**HARTMAN PARTIES' LIMITED OBJECTION TO FIRST INSURANCE FUNDING'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AS TO PREMIUM FINANCE AGREEMENT [Docket Nos. 161, 162]**

Hartman vREIT XXI, Inc. ("Hartman vREIT") and Al Hartman (together, the "Hartman Parties") file this limited objection (the "Limited Objection") to *FIRST Insurance Funding's Motion for Relief from the Automatic Stay as to Premium Finance Agreement*, filed at Docket Nos. 161 and 162 (the "Motion"), by FIRST Insurance Funding, a Division of Lake Forest Bank & Trust Company, N.A. ("FIRST"), and state as follows:

**PRELIMINARY STATEMENT**

1. The Hartman Parties do not oppose stay relief. However, the Hartman Parties oppose the relief requested in the Motion on two limited bases. First, any cancellation of the

[1] The Debtors are Silver Star Virginia Parkway LLC (99-3308488); Silver Star Properties REIT, Inc. (26-3455189); and Cooper Street SPE LLC (93-4893154). The Debtors' corporate headquarters are: 100 N. Forest Park Blvd., Suite 100, Fort Worth, TX 76102.

Debtor's directors and officers insurance policy should take effect prospectively, not retroactively as of June 30, 2026. Second, before cancellation takes effect, Silver Star Properties REIT, Inc. (the "Debtor") should be compelled to give the insurer written notice of the existence of estate claims against its directors and officers, so that coverage for those claims is preserved for the estate.

2. The Hartman Parties have filed a chapter 11 plan (the "Plan") [ECF 168] that appoints a Plan Administrator with authority to investigate and pursue estate causes of action, including claims that may be covered by the policy. Coverage for any such claims should be preserved pending confirmation of the Plan and appointment of the Plan Administrator. Absent the protections requested in this objection, that coverage may be lost before the Plan Administrator is appointed.

**BACKGROUND**

3. The Motion relates to Diversified Business Organization Insurance Policy No. H724-601987 issued by Tokio Marine HCC Specialty through Houston Casualty Company (the "Policy"), which this Court has described as "the Debtor's executive risk package and directors and officers liability coverage." Order at ¶ F [Docket No. 107] (the "Payment Order"). The Policy provides $3,000,000 in aggregate limits and runs through November 30, 2026. *Id*. at ¶ H.

4. The Policy is written on a claims-made and reported basis. Payment Order at ¶ K. In entering the Payment Order, the Court found that cancellation of the Policy "could extinguish coverage for claims first made after the cancellation date" and that "[t]he resulting harm to the estate would be immediate and irreparable." *Id*. The Court further found that preserving the Policy was "necessary to preserve property of the estate" and consistent with the Debtor's fiduciary duties under 11 U.S.C. § 1107(a). *Id*. at ¶¶ J, V. The Payment Order authorized the Debtor to borrow up to $100,000 from an insider subsidiary to cure its default to FIRST. *Id*. at ¶¶ 2, 5. According to the

Motion, no payment has been made. Motion at ¶ 14. As a result, FIRST now seeks to terminate the stay and to cancel the Policy effective as of June 30, 2026 (the "Default Date"), "without further notice." Motion at ¶ 23 & Prayer ¶ B.

5. On September 28, 2026, counsel for Hartman vREIT sent a written demand to Debtor's counsel relating to the existence of estate claims potentially covered by the Policy (the "Demand"). A copy of the Demand is attached hereto as Exhibit A. The Demand identified potential estate claims against the Debtor's current officers and directors, including Gerald Haddock, David Wheeler, and Lou Fox ("Existing Management"), relating to, among other things: (i) the failure to maintain adequate and accurate books and records; (ii) the failure to comply with SEC reporting requirements; (iii) the failure and refusal to hold board meetings; (iv) the improper adoption and implementation of a stockholder rights plan to dilute existing shareholders; (v) the failure to preserve and maintain real properties owned by subsidiaries of the Debtor; and (vi) operation of the Debtor in violation of its corporate charter and state court orders (collectively, the "Existing Claims"). The Demand asked the Debtor to report the Existing Claims to the carrier before the Policy terminates and to respond by September 30, 2026. The Debtor has not responded, and the Hartman Parties are not aware of any notice the Debtor has given to the insurer.

6. On October 12, 2026, the Hartman Parties filed the Plan. On the Effective Date, the Plan terminates Existing Management and appoints a Plan Administrator as the sole representative of the liquidating Debtor. Plan §§ 5.4–5.6. The Plan vests all Causes of Action in the liquidating Debtor and gives the Plan Administrator authority to investigate, prosecute, and resolve them. Plan §§ 5.1(e), 5.14. The preserved Causes of Action include claims against Existing Management and current and former directors and officers, and claims under applicable insurance policies, including the Policy.

## LIMITED OBJECTION

**A. Any cancellation should be prospective only.**

7. The Policy does not permit retroactive cancellation. The Policy Period ends at the expiration date "or its earlier cancellation date." Policy § II.S. When the Named Insured cancels, it must give written notice "stating when thereafter such cancellation shall be effective." Policy § X.C(1). The insurer may cancel for nonpayment only upon 10 days' notice. Policy § X.C(2). FIRST's right to cancel derives from the Debtor's appointment of FIRST as its attorney-in-fact. Motion at ¶ 11. FIRST acquired no greater right to cancel than the Debtor itself holds, and the Debtor cannot cancel retroactively.

8. Cancellation as of June 30, 2026 would also retroactively end the Policy Period and eliminate the reporting windows the Policy provides. That result would inflict exactly the "immediate and irreparable" harm this Court has already found exists. Payment Order at ¶ K. FIRST's request to cancel the Policy as of the Default Date and "without further notice" is, in substance, a request to annul the stay and to override the Policy's cancellation terms. The Hartman Parties do not object to termination of the stay. Any cancellation, however, should be effected only by written notice delivered after entry of the order in accordance with the Policy and applicable nonbankruptcy law, and should be effective no earlier than the fifteenth (15th) day after entry of the order, so that the notice described below can be given during the Policy Period.

**B. The Debtor should be compelled to notify the carrier of the existence of potential claims before cancellation.**

9. The Policy is a "claims made" policy that provides coverage for claims that are first reported during the Policy Period. Policy § VIII.B (as amended by Endorsement No. 3). To preserve coverage for claims, the Debtor must give written notice "during the Policy Period," in

which case any later Claim is deemed made when notice was given. Policy § VIII.B (as amended). Notice of the Existing Claims therefore must be given before cancellation takes effect.

10. The Policy requires that all notices to the insurer be given by the entity identified in Item A of the Declarations, which is the Debtor. Policy § X.D. Creditors and shareholders therefore cannot preserve the estate's coverage on their own. Only the Debtor can, and it has not done so despite the Demand.

11. As a debtor in possession, the Debtor owes fiduciary duties to the estate and must protect and preserve estate property. 11 U.S.C. §§ 1106, 1107(a). Giving the carrier notice of known claims costs the estate nothing and preserves potentially valuable coverage. The Court should direct the Debtor to give that notice, including notice of the Existing Claims, before any cancellation takes effect, and to file a certification of compliance. If the Debtor fails to do so, the Court should authorize Hartman vREIT to deliver the notice on the Debtor's behalf, so that the estate does not lose coverage because of Existing Management's inaction. The Hartman Parties propose that the Debtor be compelled to give notice within 7 days of entry of an order on the Motion and that, if it fails to do so, Hartman vREIT be authorized to provide such notice within 7 days following the Debtor's deadline (i.e., within 14 days of entry of the order).

**C. The pending Plan confirms that the coverage has value to the estate.**

12. The Hartman Parties' Plan provides for an independent Plan Administrator who will succeed to the Debtor's rights and have authority to investigate and pursue claims against Existing Management and other insiders, including claims covered by the Policy. Plan §§ 5.5, 5.6, 5.14. Any recovery on those claims will benefit the estate and its creditors under the Plan. Unless the Court compels notice now, the coverage may be lost before the Plan can be considered and

before the Plan Administrator is appointed. The requested relief maintains the status quo for the estate's eventual representative.

## CONCLUSION & PRAYER

13. The Hartman Parties request that the Court (a) condition stay relief as requested herein, including by requiring that any cancellation of the Policy shall be effected by written notice delivered after entry of the order and shall be effective no earlier than the fifteenth (15th) day after entry of the order; (b) compel the Debtor to give written notice of any Claim and of all specific Wrongful Acts, including the Existing Claims, in the form required by Section VIII of the Policy within 7 days of entry of an order on the Motion; (c) authorize Hartman vREIT to deliver that notice on the Debtor's behalf if the Debtor fails to do so, with such notice due 7 days from the Debtor's notice deadline; and (d) grant the Hartman Parties such other and further relief to which they may be justly entitled.

Dated: October 13, 2026

*/s/ John D. Gaither*
John D. Gaither, Tex. Bar No. 24055516
Samantha Espino, Tex. Bar No. 24131801
**WICK PHILLIPS GOULD & MARTIN, LLP**
3131 McKinney Avenue, Suite 500
Dallas, Texas 75204
Phone: (214) 692-6200
john.gaither@wickphillips.com
samantha.espino@wickphillips.com

**COUNSEL FOR HARTMAN VREIT XXI, INC. AND AL HARTMAN**

## CERTIFICATE OF SERVICE

I certify that on October 13, 2026, a true and correct copy of the foregoing was served electronically through the Court's ECF system on all parties registered to receive electronic notice in these cases, including counsel for the Debtors and counsel for FIRST Insurance Funding, and by first-class mail on Tokio Marine HCC Specialty, 401 Edgewater Place, Suite 400, Wakefield, MA 01880, and 13403 Northwest Freeway, Houston, TX 77040, and on Brown & Brown Insurance Services, Inc., 901 Marquette Avenue, Suite 1800, Minneapolis, MN 55402.

*/s/ John D. Gaither*
John D. Gaither

# EXHIBIT A

Wick Phillips
ATTORNEYS & COUNSELORS

**John Gaither**
**214.740.4031 | Direct Dial**
john.gaither@wickphillips.com
www.wickphillips.com

September 28, 2026

*Via Email:* robert@demarcomitchell.com

Robert T. DeMarco
DeMarco•Mitchell, PLLC
12770 Coit Road, Suite 850
Dallas, Texas 75251

Re: Cancellation of Executive Risk Policy
C03316-TOKIO MARINE HCC SPECIALTY POLICY NO. H724-601987

Bob:

I am in receipt of correspondence from Scott Foley, counsel to FIRST Insurance Funding, a Division of Lake Forest Bank & Trust Company, N.A., indicating that Silver Star Properties REIT, Inc. (the "Debtor") has not paid postpetition premium finance charges and that the above-referenced executive risk policy (the "Policy") may be cancelled. As you are aware, the Debtor's current officers and directors, including Gerald Haddock, David Wheeler, and Lou Fox (collectively, the "Existing Management"), are estate fiduciaries and are obligated to preserve and maintain the value of the Debtor's assets, including any potential claims that may be covered by the Policy.

Hartman XXI vREIT, Inc. ("Hartman vREIT") is informed and believes that the estate may hold certain claims against Existing Management related to, among other things, (i) the failure to maintain adequate and accurate books and records; (ii) failure to comply with SEC reporting requirements; (iii) failure and refusal to hold board meetings; (iv) the improper adoption and implementation of a stockholder rights plan to dilute existing shareholders; (v) the failure to preserve and maintain real properties owned by subsidiaries of the Debtor; and (vi) operation of the Debtor in violation of its corporate charter and state court orders (collectively, the "Existing Claims"). As estate fiduciaries, Existing Management have an absolute duty to investigate and disclose the Existing Claims and to take all actions necessary to preserve coverage for such claims under the Policy. At a minimum, this requires the amendment of the Debtor's statements and schedules to identify potential Existing Claims and reporting the existence of such claims to the carrier under the Policy prior to its termination.

Hartman vREIT hereby demands that the Debtor identify all actions taken to date to investigate and preserve claims that may be covered under the Policy, including but not limited to the Existing Claims. Hartman vREIT further demands that the Debtor take such actions as are necessary to preserve coverage for any and all such claims under the Policy, including by reporting the Existing

Claims to the carrier. Hartman vREIT contends that the failure to preserve coverage for potential estate claims may itself be actionable and subject Existing Management to additional, uncovered liability in the event the Policy is cancelled.

Please respond in writing no later than September 30, 2026 to identify the actions the Debtor has taken to preserve coverage for the claims identified herein.

Sincerely,

*/s/ John D. Gaither*